**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

SAINT-HUBERT BORDENAVE,
Petitioner,
v.

CHRISTOPHER LAROSE, Warden, Otay Mesa Detention Center; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, Attorney General of the United States, Department of Justice,
Respondents.

Case No.: 3:26-cv-05296-BTM-DEB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF NO. 1]**

Saint-Hubert Bordenave petitioned the Court for the writ of habeas corpus on September 15, 2026. (ECF No. 1.) He claims that the Government violated the Fifth Amendment by arbitrarily detaining him without constitutionally adequate pre-deprivation process. (*Id.* ¶¶ 52–58.)

//

On April 15, 2023, Bordenave, a Haitian national, presented himself at the Paso del Norte Port of Entry in El Paso, Texas where he was processed by DHS and was paroled into the United States pursuant to INA § 212(d)(5). (*Id.* at ¶ 4.) Bordenave was issued a Form I-94 which reflected that his parole would expire on April 13, 2024. (ECF No. 1-2.) On September 18, 2023, the Immigration Court dismissed Bordenave's asylum case. (ECF No. 1-4.) On September 11, 2026, the Government detained Bordenave and he has remained in detention since then.

The Government contends that although Bordenave was "previously released from immigration custody on parole issued under 8 U.S.C. § 1182(d)(5)," he is subject to mandatory detention because his parole expired on April 13, 2024. (ECF No. 4, at 2.) Two theories suggest that Bordenave's parole was still operative at the time of his redetention. First, in *Arias v. LaRose*, this Court held that an expiration date in a general Form I-94 is "unlikely to bind humanitarian paroles [under § 1182(d)(5)] who are governed under" a different parole framework. No. 25-cv-02595, 2025 WL 3295385, at *4 (S.D. Cal. Nov. 25, 2025). Second, under 8 C.F.R. § 212.5(e)(ii), if a removal order "cannot be executed within a reasonable time, the alien shall again be released on parole" unless a designated official determines that further custody is needed. Other decisions in this district have concluded that a parolee maintains a liberty interest after parole expiration if they are not timely removed. *See, e.g., Velez v. Warden, Otay Mesa Detention Ctr.*, No. 26-cv-01889, 2026 WL 972759 (S.D. Cal. Apr. 10, 2026). Nevertheless, the Court need not decide the status of Bordenave's parole at the time of his re-detention because the Government "does not oppose the petition and defers to the Court on the appropriate relief." (*Id.* at 3.)

Accordingly, the Court grants the petition on the Bordenave's Due Process claim. The Court adopts its previous decision in *Tulyakov v. LaRose*, No. 26-cv-01695, 2026 WL 981218 (S.D. Cal. Apr. 13, 2026), to find that—in light of the *Mathews v. Elridge* factors—Bordenave's liberty interest and the procedural protections afforded that interest outweigh the Government's enforcement interest. *See* 424 U.S. 319, 334–35 (1976). Moreover, the Government does not contend that any changed circumstances warranted Bordenave's

redetention or that Bordenave is a danger to the community or a flight risk. Thus, the writ must issue to release him from custody. Should the Government attempt to revoke Bordenave's parole and redetain him, it must do so in a manner that respects his Due Process rights. *See* 8 U.S.C. § 1182(d)(5)(A); 8 C.F.R. § 212.5(e)(2); *see also Mendez-Ramirez v. Casey*, No. 26-cv-4513, ECF No. 14, at 2 (S.D. Cal. Sept. 21, 2026).

The petition for a writ of habeas corpus is **GRANTED** on Bordenave's first claim and the writ is **ISSUED**. The Government shall immediately release Bordenave from custody on any preexisting conditions. The Government shall give him directions for reporting. The parties shall file a joint statement as to the satisfaction of the writ by October 5, 2026, at 5 p.m. The Court retains jurisdiction to enforce the writ. Because the Court grants the petition on other grounds, the Court declines to reach the merits of Bordenave's Administrative Procedure Act claim. Count Two of the petition is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

Dated: October 2, 2026

Barry Ted Moskowitz

Honorable Barry Ted Moskowitz
United States District Judge